■ In the Matter of the Claim of EILEEN M. MILLER, Appellant. COMMISSIONER OF LABOR, Respondent. [721 NYS2d 293] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 8, 2000, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant, an office manager, was injured when bleach splashed into her eye at her place of employment on August 24, 1999. After receiving treatment for this injury, she obtained a note from her physician indicating that she could return to work on August 30, 1999. Claimant's employer, apparently believing that the note was insufficient to indicate that she could safely return to work on that date, requested that claimant provide further information from her physician. Claimant was unable to obtain what she perceived to be the requested documentation and thereafter did not return to work.

We find that there is substantial evidence to support the Unemployment Insurance Appeal Board's conclusion that claimant voluntarily left her employment without good cause

(see, *Matter of Barney [North Star Indus.—Hudacs]*, 196 AD2d 924). Although claimant testified that she believed that the failure to provide further medical documentation had resulted in her termination, this presented a credibility issue which the Board was entitled to resolve in the employer's favor (see, *Matter of McKeown [Sweeney]*, 233 AD2d 744; *Matter of Merriwether [Gotham Mgt. Corp.—Hudacs]*, 197 AD2d 732).

Cardona, P. J., Crew III, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.